IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

  *v.*

YUNIOR HERNANDEZ

Criminal Action No.

4:21-CR-00038-MHC-1

**Government's Response in Opposition to Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(2)**

The United States of America, by Ryan K. Buchanan, United States Attorney, and Christopher J. Huber, Assistant United States Attorney for the Northern District of Georgia, files this response in opposition to Defendant Hernandez's Motion for Sentence Reduction (Doc. 103). Because Defendant is not eligible for this relief, the motion should be denied.

**A. Background**

In September 2021, a federal grand jury sitting in the Northern District of Georgia returned an indictment against Defendant Yunior Hernandez (a/k/a Yunior Hernandez Guzman) and others (Doc. 3). Defendant was charged in Count One with conspiracy to commit theft of an interstate shipment, in violation of Title 18, United States Code, Section 371, and in Count Two with theft of interstate shipments, in violation of Title 18, United States Code, Section 659 and Section 2 (*Id.*).

In December 2022, Defendant pleaded guilty to Count One pursuant to a plea

agreement (Doc. 59). Pursuant to that agreement, the Government agreed to dismissing the remaining count (Doc. 59-1).

Defendant's original guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level: | 6 |
| Loss (§ 2B1.1(b)(1)(H)): | +14 |
| Organized Scheme (§ 2B1.1(b)(15)(B)): | +2 |
| Acceptance: | -3 |
| Total Offense Level: | 19 |
| Criminal History Score: | 2 |
| Criminal History Category: | II |
| **Custody Guideline Range:** | **33 to 41 months** |

(PSR, ¶¶ 38-48, 58; *see also* Exhibit 1, chart prepared by the United States Probation Office). Defendant's criminal history category was II because his total criminal history score was two (PSR, ¶ 58). Defendant did not receive any status points (*See* PSR, ¶ 58; *see also* Ex. 1).

On March 29, 2023, Defendant was sentenced to 33 months in prison with three years of supervised release to follow (Doc. 85). On January 29, 2024, Defendant filed a *pro se* motion for sentence reduction under Amendment 821 (Doc. 103).

**B.  Eligibility**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). The new provision states:

Add 1 point if the defendant (1) receives 7 or more points under
subsections (a) through (d), and (2) committed the instant offense while
under any criminal justice sentence, including probation, parole,
supervised release, imprisonment, work release, or escape status.

Thus, a person who otherwise presents 7 criminal history points or more now
receives 1 additional "status" criminal history point, instead of 2, while a person
who otherwise presents 6 criminal history points or fewer receives no status
points.

In Part B, Subpart 1 to Amendment 821 to the Sentencing Guidelines, the
Sentencing Commission added U.S.S.G. § 4C1.1(a), providing a 2-offense-level
reduction for certain offenders who have zero criminal history points, but only if
they qualify by establishing each of ten separate requirements. The new
provision states:

§ 4C1.1. Adjustment for Certain Zero-Point Offenders
(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

(1) the defendant did not receive any criminal history points from Chapter
Four, Part A;
(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
(3) the defendant did not use violence or credible threats of violence in
connection with the offense;
(4) the offense did not result in death or serious bodily injury;
(5) the instant offense of conviction is not a sex offense;
(6) the defendant did not personally cause substantial financial hardship;
(7) the defendant did not possess, receive, purchase, transport, transfer,
sell, or otherwise dispose of a firearm or other dangerous weapon (or
induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses
Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.

The Commission later made these guideline changes retroactive as of February 1, 2024. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Defendant presents the current motion pursuant to 18 U.S.C. § 3582(c)(2). That section provides that a court may, in its discretion, reduce the sentence of a defendant whose Sentencing Guidelines range has been lowered by a retroactively applicable Sentencing Guidelines amendment, where the reduction is consistent with the sentencing factors of § 3553(a) and any applicable policy statements:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority,

including Part B, Subpart 1 of Amendment 821, and articulated the proper procedure for implementing those amendments. Section 1B1.10(b)(2)(A) provides: "Except as provided in subdivision (B) [related to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection," that is, the range produced by application of the retroactive guideline amendment.

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court addressed the process for application of a retroactive guideline amendment, emphasizing that Section 1B1.10 is binding. The Court declared: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 821. The Court required district courts to follow a two-step approach:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in §1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, §1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." *Ibid.*

Consistent with the limited nature of § 3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). . . .

At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

*Dillon*, 560 U.S. at 827.

In this case, Defendant did not receive status points, so Part A to Amendment 821 does not apply to him (*See* PSR, ¶ 58; *see also* Ex. 1). Defendant also was not a zero-point offender because he had a criminal history score of two and a criminal history category of II, so Part B, Subpart 1 to Amendment 821 does not apply to him (*See* PSR, ¶ 58; *see also* Ex. 1). Therefore, Defendant's guideline range is unchanged, and he is not eligible for relief. *See* U.S.S.G. § 1B1.10 app. note 1(A).

Given that Defendant is not eligible for relief, the Court need not address whether the 3553(a) factors would support a reduced sentence and should instead deny the motion without further analysis.

6

**Conclusion**

For the reasons discussed above, Defendant's motion should be denied.

Respectfully submitted,

RYAN K. BUCHANAN
*United States Attorney*


/s/ CHRISTOPHER J. HUBER
   *Assistant United States Attorney*
Georgia Bar No. 545627
chris.huber@usdoj.gov


600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

**Certificate of Service**

The United States Attorney's Office served this document today by sending a

copy by first class mail with sufficient postage to:

> Yunior Hernandez
> Reg. No. 98275-509
> FCI Miami
> P.O. Box 779800
> Miami, FL 33177

March 11, 2024

/s/ CHRISTOPHER J. HUBER
CHRISTOPHER J. HUBER
*Assistant United States Attorney*